YODER ET AL., APPELLEES, *v*. BERNIER, APPELLANT.

(No. 1422—Decided March 17, 1976.)

*Messrs. Logee & Lehman,* for appellees.
*Mr. David D. Noble,* for appellant.

VICTOR, P. J. This is a suit by the owner (Yoder) against the builder (Bernier) of a newly constructed slab floor, two family house, for damages resulting from the sinking of the slab.

At the original trial, a judgment was entered for the builder. This judgment was reversed on appeal, and a final judgment on liability was entered for Yoder. The case was remanded for further proceedings on the issue of damages.

On remand, a judgment of $3,850 was thereafter rendered for the owner, plus costs. This appeal is taken from that order.

Bernier's assignments of error are:

"1. The plaintiffs' only evidence of damage was improperly admitted because the witness was not properly qualified to express an opinion on the costs of repair.

"2. The defendant's motion for a directed verdict should have been granted because no competent evidence of damage was presented by the plaintiffs.

"3. The judgment is against the manifest weight of the evidence."

*Assignment of Error No. 1*

Plaintiffs' expert was one Grant Ferguson, who is a home builder and a "general remodeling contractor." He

testified that it would cost between $3,900 and $4,000 to repair the Yoder home. Ferguson has built three slab homes but he has repaired none. The defendant says that because Ferguson has never repaired a slab home he is not qualified to express an opinion as to the cost of repairing the plaintiffs' home. We disagree.

The defendant is correct in his assertion that a witness may not render an expert opinion unless he is qualified by learning or experience. However, where a witness possesses qualifications generally, within a field of expertise, the admissibility of his testimony rests within the sound discretion of the trial court. See, 21 Ohio Jurisprudence 2d 425, Evidence, Section 416. Thus, ordinarily there is no requirement that a specialist within the field be called. Consequently, it has been held that a general medical practitioner may testify as to brain damage (*Parker* v. *Gunther* [1960], 122 Vt. 68, 164 A 2d 152) and that a general practitioner may testify that an injury caused or aggravated a neurosis (*Seawell* v. *Brame* [1963], 258 N. C. 666, 129 S. E. 2d 283), and as to the cause of a kidney condition (*Wolfinger* v. *Frey* [1960], 223 Md. 184, 162 A 2d 745). We conclude that a general contractor who has built slab homes may express an opinion as to the costs of repairs to such a home, even though he has never repaired one. Such lack of experience goes to the weight of the testimony rather than its admissibility. We reject assignment of error No. 1.

*Assignment of Error No. 2*

Since we ruled the testimony was admissible, this assignment of error must be rejected.

*Assignment of Error No. 3*

The defendant opined that the cost to repair the home was between $400 and $500. He contends, because only he and Ferguson testified as to the cost of repairs, that the amount of damages awarded is clearly against the manifest weight of the evidence. We reject this assignment of error as the trial judge had the right to accept the testimony of Ferguson and reject that of the defendant.

*Judgment affirmed.*

MAHONEY and BRENNEMAN, JJ., concur.